IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LAYLE M.,[1]                                6:17-cv-01983-BR

     Plaintiff,                  OPINION AND ORDER

v.

COMMISSIONER OF SOCIAL SECURITY,

     Defendant.

**KATHRYN TASSINARI**
**BRENT WELLS**
Harder, Wells, Baron & Manning, P.C.
474 Willamette St., Suite 200
Eugene, OR  97401
(541) 686-1969

     Attorneys for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

---

[1] In the interest of privacy this Opinion uses only the first name and the initial of the last name of the non-governmental party this case.  Where applicable, this Opinion uses the same designation for the nongovernmental party's immediate family member.

1 - OPINION AND ORDER

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**HEATHER L. GRIFFITH**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-3709

      Attorneys for Defendant

**BROWN, Senior Judge.**

Plaintiff Layle M. seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which the Commissioner denied Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

On January 7, 2014, Plaintiff protectively filed her application for DIB benefits. Tr. 17, 162.[2] Plaintiff alleged a

---

[2] Citations to the official transcript of record filed by the Commissioner on July 12, 2018, are referred to as "Tr."

disability onset date of July 31, 2013.[3]  Tr. 17, 162.  Plaintiff's application was denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on June 8, 2016.  Tr. 17, 36-70.  Plaintiff and a vocational expert (VE) testified at the hearing.  Plaintiff was represented by an attorney at the hearing.  At the hearing Plaintiff amended her alleged disability onset date to September 1, 2014.  Tr. 17, 42.

On March 27, 2017, the ALJ issued an opinion in which she found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 17-30.  Plaintiff requested review by the Appeals Council.  On October 16, 2017, the Appeals Council denied Plaintiff's request to review the ALJ's decision, and the ALJ's decision became the final decision of the Commissioner.  Tr. 1-3.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On December 13, 2017, Plaintiff filed a Complaint in this Court seeking review of the Commissioner's decision.

---

[3]  In his opinion the ALJ stated Plaintiff's disability onset date was July 31, 2014, but this appears to be a typo inasmuch as Plaintiff amended her disability onset date at the June 8, 2016, hearing to September 1, 2014, and, in any event, her claim was initially filed on January 7, 2014, and subsequently denied on July 3, 2014.

3 - OPINION AND ORDER

## BACKGROUND

Plaintiff was born on November 30, 1968. Tr. 29. Plaintiff was 44 years old on her alleged disability onset date. Tr. 29. Plaintiff has a high-school education and one year of college. Tr. 29, 43. Plaintiff has past relevant work experience as a stocker, cashier, bank teller, loan processor, meter reader, administrative clerk, and grounds-maintenance worker. Tr. 29, 65-66.

Plaintiff alleges disability due to rheumatoid arthritis, fibromyalgia, cervical degenerative disc disease, left-shoulder rotator-cuff syndrome, bilateral plantar fasciitis, right-knee degenerative disc disease, lupus, Sjogren's Syndrome, and depression. Tr. 72-73.

Except as noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 22-29.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate her inability "to

engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is more than a mere scintilla [of evidence] but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's testimony, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or

detracts from the Commissioner's decision.  *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).  The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## **DISABILITY ANALYSIS**

### I.  The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity (SGA).  20 C.F.R. § 404.1520(a)(4)(i).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to

preclude substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations. 20 C.F.R. § 404.1520(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past. 20 C.F.R. § 404.1520(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the

national economy. 20 C.F.R. § 404.1520(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines (or the grids) set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1).

## **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since September 1, 2014, Plaintiff's amended alleged disability onset date. Tr. 19.

At Step Two the ALJ found Plaintiff has the severe impairments of bilateral plantar faciitis; rheumatoid arthritis; right-knee degenerative joint disease, status post arthroscopy; cervical degenerative disc disease; left-shoulder rotator-cuff syndrome; lupus; mild-to-moderate fibromyalgia; morbid obesity; and Sjogren's Syndrome. Tr. 19.

At Step Three the ALJ concluded Plaintiff's medically

determinable impairments do not meet or medically equal any of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. Tr. 21.  The ALJ found Plaintiff has the RFC to perform sedentary work with the following limitations:  can only lift ten pounds occasionally and less than ten pounds frequently; can only stand and walk for two hours in an eight-hour day; can only sit for at least six hours in an eight-hour day; can never climb ladders, rope, or scaffolds; can occasionally climb ramps and stairs, stoop, crouch, crawl, and kneel; can never reach overhead; and can frequently handle, finger, and feel.  Tr. 22.

At Step Four the ALJ concluded Plaintiff is unable to perform her past relevant work.  Tr. 29.

At Step Five the ALJ found Plaintiff can perform other jobs that exist in the national economy such as reception clerk, document preparer, and telephone-sales representative.  Tr. 30. Accordingly, the ALJ found Plaintiff is not disabled.  Tr. 30.

## DISCUSSION

Plaintiff contends the ALJ erred when she (1) failed to credit properly the opinions of Simona Braun, M.D., and Rachel Nosce, M.D., Plaintiff's treating physicians; (2) failed to provide clear and convincing reasons for rejecting Plaintiff's symptom testimony; and

(3) concluded Plaintiff has the ability to perform other work in the national economy.

I. **The ALJ properly evaluated the medical opinions of Plaintiff's treating providers.**

Plaintiff contends the ALJ erred when she discounted the medical opinions of Drs. Nosce and Braun, Plaintiff's treating physicians.

A. **Standards**

"In disability benefits cases . . . physicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability — the claimant's ability to perform work." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). "In conjunction with the relevant regulations, [courts] have . . . developed standards that guide [the] analysis of an ALJ's weighing of medical evidence." *Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008). Specifically, the court must "distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians)." *Garrison*, 759 F.3d at 1012. "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." *Id.* Although the opinion of a treating physician is entitled to greater weight than that of

an examining physician, the opinion of an examining physician is entitled to greater weight than that of a nonexamining physician. *Ryan,* 528 F.3d at 1198. "The weight afforded a nonexamining physician's testimony depends 'on the degree to which [he] provide[s] supporting explanations for [his] opinions.'" *Id.* (quoting 20 C.F.R. § 404.1527(d)(3)).

"If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* Even when contradicted, a treating or examining physician's opinion is still owed deference and will often be "entitled to the greatest weight . . . even if it does not meet the test for controlling weight." *Orn v. Astrue,* 495 F.3d 625, 633 (9th Cir. 2007). An ALJ can satisfy the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick,* 157 F.3d at 725. "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citation omitted).

B.  **Analysis**

On October 30, 2014, Dr. Braun, Plaintiff's treating

rheumatologist, noted Plaintiff was experiencing pain in her hands, wrist, feet, ankles, shoulders, knees, neck, hips, and lower back with morning stiffness and significant fatigue. Tr. 344. Dr. Braun indicated Plaintiff is "unable to work because of severe joint pain and fatigue." *Id.*

On November 20, 2014, Martin Lahr, M.D., a state consultative examiner, reviewed Plaintiff's medical records and found Plaintiff is limited to lifting and carrying up to ten pounds both occasionally and frequently, is able to stand and to walk for two hours, and is able to sit for six hours in an eight-hour work day. Tr. 92.

On June 27, 2016, Dr. Nosce, one of Plaintiff's treating physicians, stated Plaintiff "has ongoing and likely permanent restriction on her physical abilities, due to a combination of rheumatoid arthritis, degenerative disk disease, and rotator-cuff disease that make her unable to work." Tr. 589. Dr. Nosce noted Plaintiff was also being treated at that time by a rheumatologist, pain specialist, orthopedic surgeon, and chiropractor. Dr. Nosce opined: "[I]t is unlikely that [Plaintiff] will be able to work more than one-third of the time of a usual eight-hour shift, five days a week." *Id*.

On July 22, 2016, Tanja Kujac, M.D., another state

consultative examiner, found Plaintiff can stand and walk for four hours, can sit for six hours in an eight-hour work day, and is limited to lifting and carrying up to 20 pounds occasionally and ten pounds frequently. Tr. 604.

As noted, the opinion of a treating physician is not necessarily conclusive as to either the claimant's physical condition or the ultimate issue of her disability. *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002.) The opinions of nontreating or nonexamining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record, and the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings. *Id.*, at 957. When the ALJ's interpretation is rational, even a reasonable alternative interpretation does not justify disturbing the final administrative decision. *See Ryan v. Comm'r Soc. Sec. Admin.*, 529 F.3d 1194, 1198 (9th Cir. 2008).

The ALJ noted Dr. Braun's treatment notes indicated Plaintiff's condition improved to mostly mild joint pain and some fatigue when Plaintiff was on medications. Tr. 28, 344-46. The ALJ gave Dr. Braun's statement "limited weight" on the grounds that it was "not a functional assessment" of Plaintiff's limitations and was

13 - OPINION AND ORDER

not supported by Dr. Braun's own examination findings.  Tr. 28.
Similarly, the ALJ gave Dr. Nosce's statement "limited weight" on the ground that it was "not a functional assessment" of Plaintiff's limitations.  Tr. 28.

The ALJ, however, gave Dr. Lahr's opinion "great weight" and noted Dr. Lahr considered Plaintiff's symptoms of pain and fatigue in his findings as to Plaintiff's limitations, which are consistent with the findings of Dr. Braun, with Plaintiff's daily activities, and with Plaintiff's response to treatment.  Tr. 28. Although Dr. Kujac's findings as to Plaintiff's limitations also supported an RFC of a range of light work, the ALJ concluded "a sedentary level better accommodates [Plaintiff's] shoulder, neck, and knee complaints."  Tr. 28.

On this record the Court concludes the ALJ did not err in her evaluation of the medical evidence because the ALJ provided legally sufficient reasons supported by substantial evidence in the record to support her evaluation.

## II. The ALJ did not err when she found Plaintiff's testimony was not fully credible.

Plaintiff contends the ALJ erred when she failed to provide clear and convincing reasons for discounting Plaintiff's symptom testimony.

### A. Standards

The ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014)(quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)). The claimant is not required to show that her "impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Garrison*, 759 F.3d at 1014 (quoting *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996)). A claimant is not required to produce "objective medical evidence of the pain or fatigue itself, or the severity thereof." *Id*.

If the claimant satisfies the first step of this analysis and there is not any affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014-15. *See also Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006)("[U]nless an ALJ makes a finding of malingering based on affirmative evidence thereof, he

15 - OPINION AND ORDER

or she may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each."). General assertions that the claimant's testimony is not credible are insufficient. *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007). The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).

**B. Analysis**

Plaintiff testified she has nausea more than half of the day and vomits two or three times a day. Tr. 51. In addition, Plaintiff testified she cannot lift more than a couple of pounds and is limited by neck and shoulder pain. Tr. 53. Plaintiff stated she can sit for about 20 minutes; can stand for about five minutes; can walk three-to-five minutes before having to sit down; and is limited by pain in her right knee, back, and shoulders. Tr. 54. Plaintiff testified she uses a cane for balance because she has fallen and uses a walker when her symptoms are worse. Tr. 54-55. Plaintiff also testified she takes naps for two to three hours in the afternoon. Tr. 55.

The ALJ discounted Plaintiff's symptom testimony on the ground that the objective evidence and Plaintiff's treatment records do not show Plaintiff has disabling limitations. Tr. 23. For

example, the ALJ noted Plaintiff reported improvement in her condition after Dr. Braun adjusted her medications.  Tr. 23.  In addition, the record reflects Plaintiff uses a cane "sometimes," but most of the time she does not.  Tr. 27.  The ALJ also noted there is not any evidence in the record that Plaintiff takes two to three hour naps a day.  Tr. 27.  Plaintiff told her provider that she experiences nausea and vomiting related to pain resulting from her automobile accident in May 2015 and from taking antibiotics in October 2015.  Tr. 27.  The ALJ, however, noted Plaintiff swims regularly, does some gardening, works outside, rides a bike, and has taken vacations to Hawaii.  The ALJ concluded these activities are inconsistent with allegations of disabling limitations.  Tr. 27.

On this record the Court concludes the ALJ did not err when she discounted Plaintiff's symptom testimony and found it was not fully credible because the ALJ provided clear and convincing reasons supported by substantial evidence in the record for doing so.

**III. The ALJ did not err at Step Five.**

Plaintiff contends the Commissioner did not meet her burden at Step Five to establish that Plaintiff is able to perform other work that exists in the national economy.  In response the Commissioner contends the ALJ's hypothetical posed to the VE included all of

Plaintiff's limitations that are supported by the evidence.

### A. Standards

As noted, if the ALJ finds Plaintiff is unable to perform her past relevant work at Step Five, the burden shifts to the Commissioner to establish that Plaintiff has the ability to perform other work. This burden may be satisfied through the testimony of a VE.

### B. Analysis

The ALJ determined Plaintiff was unable to perform any of her past relevant work. Tr. 29. The ALJ, however, concluded Plaintiff has the RFC to perform sedentary work and can frequently handle, finger, and feel. Tr. 22. The ALJ's hypothetical posed to the VE included these limitations. With these limitations, the VE testified Plaintiff is able to perform other jobs such as reception clerk, document preparer, and telephone-sales representative. Tr. 30, 67-69.

Plaintiff, however, contends the ALJ's hypothetical posed to the VE should have included limitations on Plaintiff's ability to handle and to finger based on Plaintiff's testimony that she was unable to knit and that she was required to take two- or three-hour naps in the afternoon. Tr. 55, 61. The VE testified if these limitations were included in the ALJ's hypothetical, Plaintiff would

not be able to perform any of the jobs indicated.  Tr. 69.

The ALJ, however, again pointed out that there is not any objective evidence in the record to establish that Plaintiff required two- or three-hour naps each day.  The ALJ also noted Dr. Kujac's opinion established Plaintiff was able to perform frequent handling and fingering bilaterally.  Tr. 28, 593, 603-04. Thus, the ALJ's hypothetical to the VE included Plaintiff's limitations that are supported by substantial evidence in the record. *See Osenbrock v. Apfel*, 240 F3.d 1157, 1165 (9th Cir. 2001).

On this record the Court concludes the ALJ did not err at Step Five when she found Plaintiff is able to perform other jobs that exist in the economy.

### **CONCLUSION**

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 27th day of February, 2019.

                           ____s/ Anna J. Brown_____
                           ANNA J. BROWN
                           United States Senior District Judge